JAMES G. GOSSEN                                        NO. 24-C-472

VERSUS                                                 FIFTH CIRCUIT

FLOYD MICHAEL LANDRY                                   COURT OF APPEAL

                                                       STATE OF LOUISIANA

_____ October 21, 2024 _____

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

IN RE JAMES G. GOSSEN
_____

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 844-582
_____

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and Scott U. Schlegel

**WRIT DENIED**

In this possessory action, the relator/plaintiff, James G. Gossen, seeks review of the trial court's July 10, 2024 denial of his Motion for Judgment on the Pleadings. Mr. Gossen contends that when defendant, Floyd Landry, filed a reconventional demand asserting his ownership in the property at issue by means of a petitory action, he judicially confessed to Mr. Gossen's possession of the property. La. C.C.P. art. 3657(B) provides that a defendant's assertion of ownership in a possessory action does not judicially confess the possession of a plaintiff. The 2023 comments for La. C.C.P. art. 3657, specifically sections (a) and (d), make clear that the "harsh penalty" of "judicial confession," incurred by a defendant who asserts title in himself in response to a possessory action, has been eliminated. In addition, the plain language of La. C.C.P. art. 3657(C) limits judicial confessions to the scenario where a defendant institutes a petitory action or declaratory judgment action to determine ownership in a separate *suit*. Though Section C generally prohibits the filing of reconventional demands in possessory actions, we do not find that it constitutes a judicial confession regarding Mr. Gossen's possession in the present matter.

Further, after a *de novo* review, we find that the allegations in Mr. Gossen's petition do not exclude every reasonable hypothesis upon which Mr. Landry can prevail. *Serio v. Chadwick*, 66 So.2d 9, 16 (La. App. 2nd Cir. 1953). Establishing possession of the Grand Isle property is central to resolving the case. While Mr. Gossen claims "open and obvious possession" of the property, Mr. Landry's *pro se* answer/reconventional demand contains both assertions and evidence that he has been the sole owner of the parcel at issue since 1991. The presence of a conflict in the pleadings precludes the granting of a motion for judgment on the pleadings.

24-C-472

*See, First Metropolitan Bank v. Plaia*, 384 So.2d 560, 565 (La. App. 4th Cir. 1980). Based on the showing made, we find no basis upon which to disturb the ruling of the trial court. Accordingly, the writ application is denied.

Gretna, Louisiana, this 21st day of October, 2024.

**JJM**
**MEJ**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/21/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-472**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
No Attorney(s) were ENOTIFIED

### MAILED

George L. Gibbs (Respondent)
Attorney at Law
3900 North Causeway Boulevard
Suite 1470
Metairie, LA 70002

Cassie P. Gailmor (Relator)
Attorney at Law
700 Camp Street
Suite 203
New Orleans, LA 70130